UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-40005-FDS |
| ) | |
| NICHOLAS RHEAULT ) | |

### AFFIDAVIT OF SPECIAL AGENT DITULLIO

I, David DiTullio, being duly sworn, do depose and say:

1. I am a Special Agent of the Drug Enforcement Administration ("DEA"), United States Department of Justice. I currently am assigned to the Mobile Enforcement Team.

2. I make this affidavit in support of the government's response to Defendant Rheault's motion to suppress a firearm seized at the time of Rheault's arrest. I base this affidavit on my participation in the case resulting in Rheault's arrest and on my conversations with other law enforcement officers involved in this investigation.

3. On February 1, 2005, agents went to 124 Middle Street, Leominster, Massachusetts to arrest Rheault pursuant to an arrest warrant. An investigation showed that Rheault resided in apartment 2 at 124 Middle Street, a three story, multiple-family dwelling. Agents had received information that Rheault might be armed with a laser-sighted firearm.

4. In the evening of February 1, agents conducted surveillance of 124 Middle Street. Parked outside was a car

1

agents had seen Rheault operating during the investigation. Agents also observed individuals on the third floor peeking from behind a closed curtain on the third floor to the street. In addition, an agent saw two females in a car across the street. They were looking up to the second and third floor windows and talking on a cellular telephone.

5. At approximately 10:15 p.m., agents entered the common hallways of 124 Middle Street and approached the door to Apartment 2. The door was ajar. The apartment was occupied by a male speaking on a cellular telephone. The male reported that Rheault was not present. As agents conducted a cursory search of the apartment, they heard noises coming from the common hallway above.

6. Agents ascended the stairs, going from the second floor apartment where Rheault resided to the third floor common hallway, without impediment. On the third floor landing, they observed an individual hiding behind a wood structure that appeared to be a bookcase. The bookcase was at the end of the common hallway, among other objects.

7. The individual hiding was identified as Rheault and he was arrested. As that was done, an agent saw a black digital scale on the floor area where Rheault had been hiding.

8. Agents then searched the hallway area where Rheault had been arrested. Approximately 5 to 7 feet away was a disabled

washing machine. Inside it, an agent saw the butt of a gun and a magazine for the gun wrapped in a white t-shirt. The agents seized these items. The shirt contained not only the gun and magazine, but a plastic bag containing pills, later determined to be ecstasy, and powder later determined to be cocaine and LSD.

9. Exhibit A hereto is a fair and accurate picture of how the third floor common hallway appeared on February 1, 2005 at the time of Rheault's arrest. The white object in the lower right hand corner of the photograph is the disabled washing machine.

DAVID DITULLIO
Special Agent
U.S. Drug Enforcement
Administration

Sworn to before me this
12th day of August, 2005

Notary Public

PAMELA ORLANDO
Notary Public
My Commission Expires
November 15, 2007

3