

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (508) 368-0100*
*Facsimile:      (508) 756-7120*

*Federal Building & Courthouse*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

January 30, 2006

BY HAND
The Honorable F. Dennis Saylor, IV
United States District Judge
Donohue Federal Building
595 Main Street
Worcester, Massachusetts 10608

        Re:    United States v. Donald E. Whitney, III
                  Criminal Docket No. 05-40005-FDS

Judge Saylor:

      Enclosed is a proposed order for the examination of Mr. Whitney pursuant to 18 U.S.C. § 4244(b). Regarding the government's suggestion at the hearing in this matter that defendant's guilty plea effectively extinguished the privilege against self-incrimination, the Supreme Court has made it abundantly clear that the law is squarely to the contrary:

> The centerpiece of the Third Circuit's opinion [that a guilty plea was a waiver of the privilege as to all conduct comprehended by the plea] is the idea that the entry of the guilty plea completes the incrimination of the defendant, thus extinguishing the privilege. Where a sentence has yet to be imposed, however, this Court has already rejected the proposition that "'incrimination is complete once guilt has been adjudicated.'" Estelle v. Smith, 451 U..S 454, 462 (1981), and we reject it again today."

Mitchell v. United States, 526 U.S. 314, 326 (1999). We withdraw our suggestion for further

January 30, 2006
Page 2

briefing.

                                                              Respectfully submitted,

                                                              MICHAEL J. SULLIVAN
                                                              United States Attorney

By: /s/ David Hennessy
       David Hennessy
       Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document with the attachment by facsimile and U.S. Mail:

        Daniel J. Bennett, Esq.
        Torney, Mahoney, Diamond & Bennett
        15 Foster Street
        Quincy, MA 012169-5307

This 30th day of January, 2006.

                                                               /s/ David Hennessy
                                                              David Hennessy
                                                              Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 04-40005-FDS |
| | ) |
| DONALD E. WHITNEY, III, | ) |
| | ) |
| Defendant. | ) |

**ORDER FOR EXAMINATION PURSUANT TO 18 U.S.C. § 4244**

WHEREAS this Court has granted the motion of the United States for a hearing on the present mental condition of Defendant Donald E. Whitney, III under 18 U.S.C. § 4244(a), and for a psychiatric or psychological examination under 18 U.S.C. 4244(b),

IT IS HEREBY FURTHER ORDERED AS FOLLOWS:

1.  The United States Bureau of Prisons ("BOP") shall conduct a psychiatric or psychological examination in accordance with the provisions of 18 U.S.C. § 4247(b).

2.  It is the strong recommendation of the Court that such examination shall be conducted at FMC Devens, which is near both the Court where this matter is pending and the location where the Defendant is currently detained.

3.  BOP shall have a reasonable period to conduct such examination, not to exceed 30 days from the date of this Order.

4.  BOP shall prepare a report in accordance with the provisions of 18 U.S.C. §§ 4244(b) and 4247©. To the extent not addressed in these provisions, such report shall specifically advise the Court of the following:

        whether Defendant is currently suffering from a mental disease or defect;

        if so, is it a mental disease or defect for the treatment of which he is in need of custody for car or treatment in a suitable facility; and

        if not, is Defendant in need of some form of treatment and, if so, what treatment.

5. Defendant shall have the right to the presence and advice of counsel during the examination.

6. Defendant shall has right to refuse to answer any question posed during such examination should he believe an honest answer might incriminate him.

7. The United States Probation Department shall provide to BOP a copy of the following, in order to facilitate the examination:

        The report of the Presentence Investigation revised through December 6, 2005; and

        Records from the Division of Youth Services in the possession of the Probation Department.

**SO ORDERED.**

                                                          _____
                                                          F. Dennis Saylor, IV
                                                          United States District Judge

February    , 2006